UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN CULP and BETH E. CULP,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | CASE NO. 3:23-cv-5082<br><br>ORDER ON STIPULATED MOTION FOR EXTENSION OF TIME ON CERTAIN CASE SCHEDULE DEADLINES |

Before the Court is the parties' stipulated motion to extend certain case schedule deadlines. Dkt. No. 15. The parties assert good cause exists to continue the expert disclosure, discovery motion, discovery, and dispositive motion deadlines "to allow the parties a reasonable opportunity to explore potential resolution." *Id.* at 1.

Under Fed. R. Civ. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Good cause exists if the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment. A "[m]ere failure to complete discovery within the time allowed does not constitute good cause." LCR 16(b)(6).

ORDER - 1

The parties argue an extension is justified "because the parties have agreed to hold off on pursuing additional discovery while the parties attempt to resolve the claim." Dkt. No. 15 at 2. But they do not propose a commensurate trial extension. The Court commends the parties for working together cooperatively to resolve this dispute, but continuing the dispositive motion deadline without continuing the trial date will leave the Court insufficient time to resolve dispositive motions and other pretrial motions before trial. Thus, the Court will not extend the dispositive motion deadline for the amount of time requested without also continuing the trial date.

Because the parties are attempting resolution and because this is the parties' first request to extend the case schedule, the Court finds good cause to modify the deadlines and continue the trial date.

Accordingly, the Court GRANTS in part and DENIES in part the parties' stipulated motion and extends the case deadlines as follows:

| EVENT | DATE |
| --- | --- |
| Disclosure of expert testimony under Fed. R. Civ. P. 26(a)(2) | January 29, 2024 |
| Disclosure of rebuttal expert testimony under Fed. R. Civ. P. 26(a)(2) | within 30 days after the other party's expert disclosure |
| All motions related to discovery must be filed by (*see* LCR 7(d)) | February 26, 2024 |
| Discovery completed by | March 25, 2024 |
| Dispositive motions due by | April 25, 2024 |

All other dates schedule deadlines will remain the same. *See* Dkt. No. 12.

ORDER - 2


Case 3:23-cv-05082-JNW   Document 16   Filed 11/09/23   Page 3 of 3

If the parties need more time, they may file another request, but further delays will prompt a trial continuance.

Dated this 9th day of November, 2023.

*[signature]*

Jamal N. Whitehead
United States District Judge

ORDER - 3